**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAS ISLAS MARIAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| CLUB 2047, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

The Plaintiff, Las Islas Marias, Inc., by its undersigned counsel, files this Complaint against Defendant, Club 2047, LLC, and alleges as follows:

## PARTIES

1. Plaintiff is an Illinois Corporation with its principal place of business in Chicago, Illinois.

2. Upon information and belief, Defendant is an Illinois Limited Liability Company with a principal place of business at 2047 North Milwaukee Avenue, Chicago, Illinois. Defendant may be served through its registered agent at 150 North Wacker, Suite 1400, Chicago, Illinois.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement and unfair competition arising under 15 U.S.C. §§ 114 and 1125. This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States.

4. This Court further has jurisdiction pursuant to 28 U.S.C. §§ 1338(a)-(b) in that this civil action arises under an Act of Congress relating to a federally registered trademark and the adjoined claim for unfair competition is substantially related to the federally registered trademark.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the Defendant is registered in the State of Illinois and has a principal place of business at 2047 N. Milwaukee Ave., Chicago, Illinois.

6. The court has general personal jurisdiction over the Defendant because the Defendant is a business entity operating in the State of Illinois and specific personal jurisdiction because the actions giving rise to the cause of action took place in Illinois.

## FACTUAL BACKGROUND

7. The Plaintiff owns U.S. Service Mark Registration No. 3,079,625, issued April 11, 2006 for the mark LAS ISLAS MARIAS® for restaurant services (the "Registered Mark"). A true and correct copy of the U.S. Service Mark Registration is attached hereto as Exhibit A and is incorporated herein.

8. Upon information and belief, Defendant owns a restaurant located on the first floor of the building located at 2043-2051 North Milwaukee Avenue in Chicago, Illinois. The building is comprised of three floors and a basement. The Defendant operates a music hall known as the Concord Music Hall on the second and third floors of the building. The basement floor is a banquet facility controlled by Defendant.

9. On March 1, 2012, a license agreement (the "Agreement") was entered into between the Plaintiff, Defendant, and a third party, JAL NAY, INC ("Jal Nay"). A true and correct copy of the Agreement is attached hereto as Exhibit B.

10. Pursuant to the Agreement and other agreements executed contemporaneously, Jal Nay was to manage Defendant's restaurant under the Registered Mark. To that end, Plaintiff licensed use of the Registered Mark to Defendant "in connection with Jal Nay's management of the Restaurant Business." "Restaurant Business" defined in the Agreement as "a restaurant and bar . . . in the first floor and basement level of the Property." Appurtenant to the use, Defendant was licensed to use the Registered Mark in filings with the City of Chicago and the State of Illinois to obtain various licenses, including a retail food establishment license and liquor licenses for the premises comprising the "Restaurant Business."

11. According to a contemporaneous contract between Defendant and Jal Nay, all licenses pertaining to the Restaurant Business were to be applied for and held by Defendant.

12. Defendant applied for and obtained a Retail Food Establishment License, license No. 1909643 (the "'643 License"). However, the '643 license covered the basement, the first, the second, and the third floors and the north and south balconies. A true and correct copy of the '643 license is attached hereto as Exhibit C. As shown on the '643 License, "Las Islas Marias" is the business name.

13. Defendant also applied for an obtained liquor licenses for the restaurant and music hall. Both establishments have "Consumption on Premises-Incidental Activity" licenses ("COP license"). A COP license permits the sale of alcoholic liquor "where the sale of alcoholic liquor is incidental or secondary to the primary activity of such place of business." Chi. Mun. Code § 4-60-010 (Am. Legal Publ'g Corp. 2014).

14. The restaurant COP license lists "Las Islas Marias" as the doing business name. Liquor license filings by Defendant obtained through a Freedom of Information Act Request ("FOIA Request") shows that the restaurant has a principal business activity of operating a full

service restaurant.  See Site 2 Supplemental Business Site Information, attached hereto as Exhibit D.

15. The music hall COP license lists "Concord Music Hall" as the doing business name.  Additional filings obtained through a FOIA Request shows that the music hall has a principal business activity of serving retail food with liquor.  See Site 3 Supplemental Business Site Information, attached hereto as Exhibit E.

## COUNT I:  BREACH OF CONTRACT

16. Plaintiff reincorporates and re-alleges paragraphs 1 through 15 in this Count.

17. The Agreement is a valid and binding contract, bearing the signatures of all the parties involved.

18. The first provision of the Agreement after the "Recitals" defines the extent of the license grant.  The license grants permission to use the registered mark "in connection with Jal Nay's management of the Restaurant Business."  The license to use the mark in filings with the City of Chicago and State of Illinois is limited to those filings associated with operation of the Restaurant Business.

19. Defendant has exceeded the scope of the license and, therefore, breached the contract by using the registered mark in connection with the entire building.  This use includes other distinct venues that are unassociated with the Restaurant Business as defined in the "Recitals" section of the Agreement.

20. The Plaintiff has thus been harmed because its exclusive property has been utilized by Defendant without permission or compensation.

21. Further, Defendant may have committed a fraud on the Chicago Liquor Board by obtaining a COP license for Concord Music Hall using the Retail Food Establishment license

issued in the name of Plaintiff. Thus, Defendant may have made Plaintiff a party to the fraud in violation of the duties of good faith and fair dealing implicit in every contract. Moreover, Plaintiff is in jeopardy of an imminent damage to its reputation before the Chicago Liquor Board.

22. The Agreement along with the Lease for the premises requires the Defendant to provide a habitable space for the Restaurant Business. Defendant has informed the Plaintiff that the Air Conditioning unit cooling the Restaurant Business was not functioning. Upon securing access to same, Plaintiff discovered that the motor for the exterior heat exchange unit was removed.

23. To provide a habitable environment within the Restaurant Premises, the Plaintiff was forced to exercise self-help remedies in repairing the broken unit, restoring air conditioning to the Restaurant Premises.

24. Additionally, under the contract, the seventh provision provides that the prevailing party in any legal action commenced to interpret or enforce the contract shall be entitled to attorney fees and trial costs.

**COUNT II: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114 & 1125**

25. Plaintiff reincorporates and re-alleges paragraphs 1 through 24 in this Count.

26. The '625 registration is prima facie evidence that Plaintiff owns a valid trademark and that Plaintiff has the exclusive right to use the registered mark in commerce. 15 U.S.C. § 1057(c) (2012).

27. Defendant is using the identical mark in documents and filings with the local government. The documents are displayed to patrons of the restaurant. Defendant's use is "in commerce" because the use involves displaying the license in the place of business such that it is

visible to patrons, thereby showing that the restaurant is licensed with the state to do business as a retail food establishment on all floors of the building.

28. Defendant did not have permission to use the registered mark in this extensive manner. The license grant was limited only to the Restaurant Business, and it did not extend to the upper floors of the building.

29. The use of the registered mark by Defendant is likely to confuse the consuming public. The retail food establishment license lists Las Islas Marias as the doing business name for all of the floors and balconies covered by the license. Such use creates a false association between the restaurant business and the banquet hall in the basement and the music hall on the second and third floors. A patron is likely to be confused that the restaurant services of the Plaintiff are available on the upper levels, balconies, and basement.

30. This false association is injurious to Plaintiff because the music hall and restaurant do not have a common theme. Plaintiff is a Mexican-style restaurant, while the music hall plays primarily alternative rock music. Therefore, Plaintiff is likely to suffer brand confusion with its consumers. Further, Plaintiff cannot control the quality of Defendant's product, resulting in harm to the goodwill established in the Registered Mark.

### COUNT III:  TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER ILLINOIS LAW

31. Plaintiff reincorporates and re-alleges paragraphs 1 through 30 in this Count.

32. The acts of Defendant complained of above constitute trademark infringement and unfair competition under the common law of the State of Illinois. As a result of the infringement and unfair competition by Defendant, Plaintiff has suffered and will continue to suffer injury and damage in an amount yet to be determined. Upon information and belief, the acts of infringement by Defendants have resulted in substantial unjust profits and unjust

enrichment on the part of Defendant in an amount yet to be determined.  Such acts of infringement and unfair competition are causing harm to Plaintiff.

33. The continuing acts of Defendant are jeopardizing the goodwill of the Plaintiff and its Registered Mark, and such acts have cause and will continue to cause irreparable injury to the Plaintiff and to the consuming public.  Unless the acts of the Defendant complained of herein are enjoined by this Court, they will continue to cause irreparable injury to the Plaintiff and to the public, for which there is no adequate remedy at law.  Additionally, or in the alternate, the Plaintiff seeks an accounting and its actual and consequential damages as a result of the Defendant's infringing acts, which have resulted in confusion among the public.  Moreover, the Plaintiff seeks punitive and enhanced damages for Defendant's willful conduct.

### COUNT IV:  REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES, ATTORNEYS' FEES AND COSTS

34. Plaintiff reincorporates and realleges paragraphs 1 through 33 in this Count.

35. The acts of Defendant have resulted in service mark infringement and unfair competition in violation of the Lanham Act.  Accordingly and pursuant to 15 USC §1117 Plaintiff Las Islas is entitled to recover 1) Defendant's profits; 2) any damages sustained as a result of Defendant's infringing acts; and 3) the costs associated with these causes of action.

36. Moreover, Plaintiff is entitled to an award of treble damages, as well as an award of punitive damages, pursuant to 15 USC § 1117(b) as a result of Defendant's intentional use of the Registered Mark in a fraudulent manner and Defendant's gross, wanton, or willful conduct.

37. Furthermore, as a result of Defendant's actions, Plaintiff has been required to retain the services of counsel to represent it in this matter, and it has been forced to incur and is presently incurring attorneys' fees in order to enforce its trademark rights.  These fees and expenses are necessary and reasonable in order to prosecute the matter.  Accordingly, Plaintiff

requests that it be granted an award of attorneys' fees and costs as a result of Defendant's actions.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all claims and issues.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendant, and asks the Court to:

    A.    Enjoin Defendant's use of the registered mark outside the scope defined in the Agreement;

    B.    Disgorge Defendant of its profits obtained while infringing Plaintiff's registration and transfer those profits to Plaintiff;

    C.    Enjoin Defendants from using the registered mark outside the scope of use defined in the Agreement;

    D.    Award damages calculated based on a reasonably royalty of 3% of Defendant's revenue for the music hall and banquet facilities; and

    E.    Grant to Plaintiff such other and further relief at law or in equity as the Court may deem just and proper under the circumstances.

Respectfully submitted,
**LAS ISLAS MARIAS, INC.**

By one of their attorneys:

/Szymon M. Gurda /
Szymon M. Gurda
Cherskov Flaynik & Gurda, LLC
123 W. Madison St., Suite 400
Chicago, IL 60602
Tel. 312-621-1330
Fax 312-621-0088

**CERTIFICATE OF SERVICE**

The undersigned declares as follows:

On July 14, 2014, I, Szymon Gurda, attorney for Plaintiff Las Islas Marias, Inc., served the foregoing COMPLAINT FOR TRADEMARK INFRINGEMENT on the Defendant's attorney in this action:

> Marc W. O'Brien
> David A. Shapiro
> Bronson & Kahn LLC
> 150 North Wacker Drive
> Suite 1400
> Chicago, Illinois 60606
> (312) 553-1700

by placing a true copy enclosed in an envelope for mailing to the above address on the date shown above to be deposited with the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Date:  July 14, 2014                              /Szymon M. Gurda/
                                                  Szymon M. Gurda

Szymon M. Gurda
Cherskov Flaynik & Gurda, LLC
123 W. Madison St., Suite 400
Chicago, IL 60602
Tel. 312-621-1330
Fax 312-621-0088